UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONDALEE MORRIS,

    Plaintiff,

v.

G. MODHADDAM, et al.,

    Defendants.

No. 2: 18-cv-2850 MCE KJN P

ORDER

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the

complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Dr. Modhaddam, Dr. Sahota, Dr. Felder, Dr. Bobbala and Dr. Gates. The gravamen of this action is plaintiff's claim that defendants denied his request for medical marijuana to treat his late stage glaucoma in violation of the Eighth Amendment.

Plaintiff alleges that from 2007 to the present, he suffered from severe eye pain, headaches and blurred vision due to end stage glaucoma. Plaintiff alleges that from 2011 to the present, he suffered from nausea, eye pain, headache and blurred vision due to his use of the following medications: Brimcondine, Dorogmide, Timolo and Latanoprost. Plaintiff alleges that from November 2011 through the present, no defendant provided him with pain medication. Plaintiff alleges that defendants denied his request for medical marijuana because dispensing marijuana is illegal.

Plaintiff appears to claim that medical marijuana would treat the pain he suffers caused by glaucoma and the medication he takes to treat his glaucoma. For the reasons stated herein, plaintiff has not plead sufficient facts to state a potentially colorable Eighth Amendment claim.

While the Eighth Amendment of the United States Constitution entitles plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted), Wilhelm, 680 F.3d at 1122. Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or

3

it may be shown by the way in which prison physicians provide medical care." Id.

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff previously raised an Eighth Amendment claim based on the alleged denial of medical marijuana in an action filed in the United States District Court for the Southern District of California, Morris v. Schwarzenegger, 2010 WL 3369365 (S. D. Cal. Aug. 25, 2010.) The Southern District dismissed this claim with leave to amend on grounds that the claim did not rise to an Eighth Amendment violation. 2010 WL 3369365 at *3.

> A mere difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). If Plaintiff is attempting to allege that there was a delay in treatment, there are no facts in the Complaint from which the Court can determine whether he has suffered any injury as a result of the Defendants alleged delay in providing treatment. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (a prisoner can make "no claim for deliberate medical indifference unless the denial was harmful.")

Id.

Plaintiff apparently abandoned this claim when he filed an amended complaint in his Southern District action. See Morris v. Schwarzenegger, 2010 WL 3932041 (N.D. Cal. Oct. 6, 2010.)

Other courts have found that the failure to provide medical marijuana to a prisoner does not state an Eighth Amendment claim. See El-Shaddai v. Zamora, 2017 WL 3358486 at *9 (C.D. Cal. 2017) (citing Harris v. Lake County Jail, 2012 WL 1355732 at *6 (N.D. Cal. 2012 ) (citation omitted) (inmate cannot state a claim for deliberate indifference based on denial of medical marijuana because "there is not constitutional right to demand jail officials to provide plaintiff with the medicine of his choosing[,]" including medical marijuana.)

4

In the complaint, plaintiff does not address why defendants failed to provide him with any pain medication from November 2011 to the present. Plaintiff also does not address whether he requested that defendants prescribe pain medication other than medical marijuana. In addition, plaintiff appears to suggest that he received pain medication for glaucoma prior to November 2011. Plaintiff does not explain why his pain medication was discontinued in November 2011. Because plaintiff has not adequately addressed these matters, the undersigned cannot determine whether plaintiff has stated a potentially colorable Eighth Amendment claim based on defendants' alleged denial of plaintiff's request for medical marijuana. Accordingly, plaintiff's complaint is dismissed with leave to amend.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

5

a. The completed Notice of Amendment; and

        b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: March 20, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Morr2850.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>G. MODHADDAM, et al.,<br><br>    Defendants. | No. 2: 18-cv-2850 MCE KJN P<br><br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____    Amended Complaint

DATED:

_____
Plaintiff