UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS, | No. 2:18-cv-2850 MCE KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| G. MODHADDAM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint. (ECF No. 12.) As with the original complaint, the gravamen of this action is plaintiff's claim that defendants denied his request for medical marijuana to treat pain caused by end stage glaucoma, and pain and nausea caused by medications he took to treat end stage glaucoma. For the reasons stated herein, the undersigned recommends that these claims be dismissed. However, plaintiff is granted leave to file a second amended complaint raising claims unrelated to medical marijuana.

Named as defendants are Dr. Modhaddam, Dr. Sahota, Dr. Felder, Dr. Gates, Dr. Bobbala, Dr. Bishop and Dr. Tesluk. Plaintiff alleges that defendant Bobbala works at California State Prison-Sacramento ("CSP-Sac"). Plaintiff alleges that defendants Modhaddam, Sahota, Felder and Gates are employed at a California State Prison but does not identify the prison. Plaintiff alleges that defendants Bishop and Tesluk are in private practice.

In claim one, plaintiff alleges that defendants Modhaddam, Sahota, Felder, Bobbala and Gates denied his request to obtain a medical marijuana card pursuant to California Penal Code § 11362.

In claim two, plaintiff alleges that defendants Modhaddam, Sahota, Felder, Bobbala and Gates denied his request for medical marijuana, to treat his end stage glaucoma, in violation of the Eighth Amendment. Plaintiff alleges that from 2011 to the present, he has suffered from nausea, eye pain, headaches and blurred vision caused by medications he takes to treat glaucoma. Plaintiff claims that medical marijuana would treat the pain and nausea he suffers because of this medication. Plaintiff also alleges that he received pain medication to treat glaucoma for several months in 2009 but has not received pain medication since then. Plaintiff also alleges that medical marijuana would treat the pain he suffers because of glaucoma.

In claim three, plaintiff alleges that defendants Modhaddam, Sahota, Felder, Bobbala, Gates, Bishop and Tesluk failed to respond to his complaints of pain, caused by end stage glaucoma. Plaintiff alleges that these defendants denied his request to adjust his medication to alleviate the side effects. Plaintiff alleges that in September 2017, defendant Tesluk, an ophthalmologist, examined plaintiff and recommended that plaintiff undergo surgery on his left eye to treat the glaucoma. In particular, defendant Tesluk recommended placing a glaucoma valve in plaintiff's left eye. Plaintiff declined this surgery due to possible risks. Plaintiff alleges that he told defendants that he would discontinue his glaucoma medication if he could not use medical marijuana.

As relief, plaintiff seeks money damages and an order directing prison officials to provide him with medical marijuana.

It appears that claims two and three raise claims alleging that defendants denied plaintiff medical marijuana in violation of the Eighth Amendment. For the reasons stated herein, plaintiff's claim that defendants denied his request for medical marijuana does not state a potentially colorable Eighth Amendment claim.

While the Eighth Amendment of the United States Constitution entitles plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate

2

indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted), Wilhelm, 680 F.3d at 1122. Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Other courts have found that the failure to provide medical marijuana to a prisoner does not state an Eighth Amendment claim. See El-Shaddai v. Zamora, 2017 WL 3358486 at *9 (C.D. Cal. 2017) (citing Harris v. Lake County Jail, 2012 WL 1355732 at *6 (N.D. Cal. 2012 ) (citation omitted) (inmate cannot state a claim for deliberate indifference based on denial of medical marijuana because "there is not constitutional right to demand jail officials to provide plaintiff with the medicine of his choosing[,]" including medical marijuana.). See also Smith v. California State Prison-Sacramento, 2: 10-0766 KJM DAD P (ECF No. 57 at 7) (claim by inmate that he was entitled to medical marijuana fails to state Eighth Amendment claim).

In the March 20, 2019 order dismissing plaintiff's complaint with leave to amend, the undersigned observed that plaintiff previously raised an Eighth Amendment claim based on the alleged denial of medical marijuana in an action filed in the United States District for the

Southern District of California, <u>Morris v. Schwarzenegger</u>, 2010 WL 3369365 (S.D. Cal. Aug. 25, 2010). The Southern District dismissed this claim with leave to amend on the grounds that the claim did not rise to an Eighth Amendment violation. 2010 WL 3369365 at *3.

> A mere difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir.1989). If Plaintiff is attempting to allege that there was a delay in treatment, there are no facts in the Complaint from which the Court can determine whether he has suffered any injury as a result of the Defendants alleged delay in providing treatment. <u>See</u> <u>Shapley v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir.1985) (a prisoner can make "no claim for deliberate medical indifference unless the denial was harmful.")

<u>Id.</u>

Plaintiff apparently abandoned this claim when he filed an amended complaint in his Southern District action. <u>See</u> <u>Morris v. Schwarzenegger</u>, 2010 WL 3932041 (N.D. Cal. Oct. 6, 2010.)

Plaintiff's claim that defendants denied his request for medical marijuana does not state an Eighth Amendment claim because plaintiff alleges a mere difference of opinion between himself and defendants regarding the appropriate treatment for his glaucoma. Accordingly, plaintiff's Eighth Amendment claim based on the denial of his request for medical marijuana is dismissed.[1]

Plaintiff also alleges that defendants denied him access to medical marijuana in violation of California law. For the reasons stated herein, this claim is without merit.

California's Compassionate Use Act of 1996 does not entitle plaintiff to use medical marijuana in prison. <u>See</u> California Proposition 215, codified in Cal. Health & Safety Code §§ 11362.5, et seq. The Compassionate Use Act does not require correctional facilities to accommodate medical marijuana use by incarcerated persons: "Nothing in this article shall require any accommodation of any medical use of marijuana on the property or premises of ... any

---

[1] Plaintiff alleges that he refused defendants' recommendation for surgery on his left eye. A finding that this surgery would reduce or eliminate plaintiff's eye pain and his need for medication would further undercut plaintiff's Eighth Amendment claim. However, the undersigned cannot make this finding because the impact of the surgery on plaintiff's eye pain and need for medication is not clear from the amended complaint.

jail, correctional facility, or other type of penal institution in which prisoners reside or persons are under arrest or detained." Cal. Health & Safety Code § 11362.785(a) (2003); see also People v. Harris, 145 Cal.App. 1456, 1467 n. 7 (2006) (California laws "further indicate that penal institution officials have the discretion to exclude medical marijuana from their facilities" consistent with the Compassionate Use Act). While the Compassionate Use Act gives correctional facilities the discretion to permit inmates to use medical marijuana under circumstances that will not endanger the health or safety of other prisoners or the safety of the facility, that discretion can only be exercised for inmates holding an identification card. Harris, 145 Cal.App.4th at 1467–68; Cal. Health & Safety Code § 11362.785(c). Plaintiff does not allege that he had a valid medical marijuana prescription at the time of his incarceration.

Conclusion

For the reasons discussed above, the undersigned recommends that plaintiff's claims that defendants denied him medical marijuana in violation of the Eighth Amendment and state law be dismissed.

In the amended complaint, plaintiff appears to claim that defendants denied all his requests for pain medication. Plaintiff also appears to claim that defendants denied his request to adjust his medication to reduce the side effects, without offering treatment for the side effects. Plaintiff may be able to state a potentially colorable Eighth Amendment claims based on these allegations. Accordingly, plaintiff's is granted leave to file a second amended complaint raising these claims. The second amended complaint may not include claims regarding medical marijuana.

If plaintiff files a second amended complaint, he shall identify the prisons where the alleged deprivations occurred. Plaintiff shall also discuss when the alleged deprivations occurred and by whom they were committed.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

On October 25, 2018, plaintiff filed a motion to file an oversized complaint. (ECF No. 2.) On March 19, 2019, plaintiff filed a motion requesting a recommendation from the court. (ECF No. 11.) These motions are denied as unnecessary. However, plaintiff's second amended complaint may be no longer than ten pages.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to file an oversized complaint (ECF No. 2) and motion for a recommendation (ECF No. 11) are denied as unnecessary;

2. Plaintiff is granted thirty days from the date of this order to file a second amended

complaint raising the claims discussed above; failure to file a second amended complaint within that time will result in a recommendation of dismissal of this action; and

IT IS HEREBY RECOMMENDED that plaintiff's claims alleging that defendants' denial of his request for medical marijuana violated the Eighth Amendment and state law be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 1, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Morr2850.ame