UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>G. MODHADDAM, et al.,<br><br>　　　　　Defendants. | No. 2: 18-cv-2850 MCE KJN P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On August 17, 2020, the undersigned granted plaintiff thirty days to show cause why this action should not be dismissed for his failure to prosecute. (ECF No. 52.) On September 17, 2020, the August 17, 2020 order was returned to the court undelivered and marked "refused." Accordingly, the undersigned herein recommends that this action be dismissed for plaintiff's failure to prosecute.

On May 5, 2020, defendant Tesluk filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 41.) Plaintiff failed to file an opposition to defendant Tesluk's motion to dismiss. Accordingly, on July 17, 2020, the undersigned vacated defendant Tesluk's motion to dismiss and recommended that plaintiff's claims against defendant Tesluk be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

////

Because it is clear that plaintiff does not intend to prosecute this entire action, the undersigned herein vacates the July 17, 2020 findings and recommendations and recommends that this entire action (including the claims against defendant Tesluk) be dismissed based on plaintiff's failure to prosecute.

On July 28, 2020, August 4, 2020, August 17, 2020, September 14, 2020 and September 17, 2020, mail served on plaintiff was returned unserved and marked "refused." On August 24, 2020, defendants filed the declaration of Jesse Sherman, the Litigation Coordinator at California State Prison-Corcoran ("Corcoran"), where plaintiff is housed. (ECF No. 53.) Litigation Coordinator Sherman states that they contacted the Corcoran mailroom and were advised that plaintiff has been refusing to accept his legal mail, and, therefore, the mailroom has been returning the mail to the sender as "Inmate Refused." (Id.)

Local Rule 110 provides that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate ... dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

////

////

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

The undersigned finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal because this case has been pending for almost two years. The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal because defendants will be prejudiced by any unreasonable delay in the prosecution of this action. The fourth factor, public policy favoring disposition of cases of cases on their merits, is greatly outweighed by the factors favoring dismissal. The undersigned finds that there are no less drastic alternatives available because it is clear that plaintiff does not intend to prosecute this action. As discussed above, plaintiff has repeatedly refused to accept his legal mail.

For the reasons discussed above, the undersigned finds that this action should be dismissed for plaintiff's failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that the July 17, 2020 findings and recommendations (ECF No. 51) are vacated; and

IT IS HEREBY RECOMMENDED that this action be dismissed based on plaintiff's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 22, 2020

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Morr2850.fr