UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br><br>  Plaintiff,<br><br>  v.<br><br>G. MODHADDAM, et al.,<br><br>  Defendants. | No. 2: 18-cv-2850 MCE KJN P<br><br><br>ORDER |

  Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On September 23, 2020, the undersigned recommended that this action be dismissed for plaintiff's failure to prosecute. (ECF No. 56.) For the reasons stated herein, these findings and recommendations are vacated.

  In the September 23, 2020 findings and recommendations, the undersigned observed that on July 28, 2020, August 4, 2020, August 17, 2020, September 14, 2020 and September 17, 2020, mail served on plaintiff was returned unserved and marked "refused." On August 24, 2020, defendants filed the declaration of California State Prison-Corcoran ("Corcoran") Litigation Coordinator Sherman. Litigation Sherman stated that they contacted the Corcoran mailroom and were advised that plaintiff had been refusing to accept his legal mail and, therefore, the mailroom had been returning the mail to the sender as "Inmate Refused."

  On October 5, 2020, plaintiff filed objections to the September 23, 2020 findings and

1

1    recommendations. (ECF No. 58.) In his objections, plaintiff states that he did not refuse to

2    accept his legal mail. Plaintiff states that he was housed in the "Mental Health Crisis Bed

3    ACUTE" from March 20, 2020, through August 24, 2020. Plaintiff alleges that due to his

4    placement in the highest level of care, he was not allowed incoming and outcoming mail in the

5    prison system or outside the prison system. Plaintiff states that upon his return to a lower level of

6    care, Senior Psychologist Thompson reinstated plaintiff's mail.

7    Good cause appearing, the September 23, 2020 findings and recommendations are

8    vacated.[1]

9    On May 5, 2020, defendant Tesluk filed a motion to dismiss pursuant to Federal Rule of

10   Civil Procedure 12(b)(6). (ECF No. 41.) On September 23, 2020, the undersigned vacated

11   defendant Tesluk's motion to dismiss. (ECF No. 56.) Because plaintiff is apparently able to

12   prosecute this action, the undersigned orders defendant Tesluk's motion to dismiss reinstated.

13   On September 21, 2020, and September 24, 2020, plaintiff filed motions requesting a

14   settlement conference. (ECF Nos. 55, 57.) As discussed in the June 9, 2020 order, all defendants

15   opted out of the Post-Screening ADR Project. (ECF No. 48.) Because defendants declined to

16   have a settlement conference, the undersigned will not set a settlement conference at this time. If

17   all parties agree to participate, the undersigned will set a settlement conference.

18   On June 10, 2020, the undersigned issued a discovery and scheduling order. (ECF No.

19   49.) This order was returned unserved on plaintiff. Good cause appearing, the undersigned

20   separately issues an amended Discovery and Scheduling order containing new deadlines for

21   discovery and dispositive motions. All dates set in the June 10, 2020 scheduling order are herein

22   vacated.

23   Accordingly, IT IS HEREBY ORDERED that:

24   1. The September 23, 2020 findings and recommendations (ECF No. 56) are vacated;

25   2. Defendant Tesluk is ordered to re-serve plaintiff with his motion to dismiss within five

---

[1] Assuming plaintiff was unable to send and receive legal mail while in an Acute level of care, the undersigned is puzzled that Litigation Coordinator Sherman was apparently unaware of this status and failed to provide this information to the court.

days of the date of this order; defendant Tesluk shall file proof of reservice within that time;

3. Plaintiff's motions requesting a settlement conference (ECF Nos. 55, 57) are denied;

4. All dates set in the June 10, 2020 scheduling order (ECF No. 49) are vacated.

Dated: October 26, 2020

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Morr2850.vac

3